Kathleen J. England, NV Bar #206
England Law Office
630 S. Third Street
Las Vegas, NV 89101
(702) 385-3300
(702) 385-3823 (fax)
kengland@englandlawoffice.com

Melanie Hill, NV Bar #8796
Law Office of Melanie Hill
9345 West Sunset Road, Suite 100
Las Vegas, NV 89148
(702) 362-8500/ (702) 362-8505 (fax)
melanie@melaniehilllaw.com
Attorneys for Plaintiff, Kathryn Acosta

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN ACOSTA,<br>    Plaintiff,<br><br>vs.<br><br>AGELESS MEN'S HEALTH, a foreign limited-liability company,<br><br>    Defendants. | Case No.<br><br>**PLAINTIFF KATHRYN ACOSTA'S COMPLAINT FOR UNLAWFUL DISCRIMINATION AND RETALIATION**<br><br>[Demand for Jury] |

Plaintiff KATHRYN ACOSTA, an individual, hereby alleges and complains against the Defendant as follows:

### *Jurisdiction and Venue*

1. This is a civil action for damages brought by KATHRYN ACOSTA against her former employer to redress sex discrimination and retaliation under state and federal anti-discrimination statutes, N.R.S. 613.330 *et seq* and Title VII of the 1964 Civil Rights Act, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e. The aforementioned 1991 Civil Rights Act grants plaintiffs the right to a jury trial.

2. On January 9, 2011, KATHRYN ACOSTA (then Kathryn Lynn) submitted

intake forms and information to the U.S. Equal Employment Opportunities Commission (hereinafter "EEOC"). On January 13, 2011, KATHRYN ACOSTA signed the formal "Charge of Discrimination" prepared by the EEOC, attached as **Exhibit 1**, with Defendant AGELESS MEN'S HEALTH named as her employer.

3. Thereafter, KATHRYN ACOSTA submitted additional information and forms to the EEOC about additional illegal employment practices to which she was subjected. On June 25, 2012, KATHRYN ACOSTA signed a second "Charge of Discrimination" prepared by the EEOC, which is attached as **Exhibit 2**.

4. On January 12, 2013, KATHRYN ACOSTA received two EEOC "Notice of Rights" letters, one for each charge she filed. She is filing this suit within the requisite 90 days of her receipt of that Notice. Thus KATHRYN ACOSTA has fully complied with all prerequisites under Title VII and Nevada state statutes to pursue these claims in this Court.

5. The unlawful employment practices Plaintiff KATHRYN ACOSTA is complaining of occurred within this District (within the state of Nevada), thus venue is proper in this District pursuant to §706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3).

### *Parties*

6. Plaintiff KATHRYN ACOSTA is a female resident of Nevada and was employed by Defendant AGELESS MEN'S HEALTH at its Henderson, Nevada location.

7. Defendant AGELESS MEN'S HEALTH, a foreign company authorized to do business in Nevada, did so at all times relevant to this Complaint, including the employment of the Plaintiff KATHRYN ACOSTA and many others, both here in Nevada and four or five other states. This makes Defendant AGELESS MEN'S HEALTH an employer to be subject to Title VII and N.R.S. 613.330 *et seq*.

8. Upon information and belief, Jason Blackwood is the founder, owner and chief operating officer of Defendant AGELESS MEN'S HEALTH which has its principal place and headquarters in Tennessee. Jason Blackwood is believed to work out of the Tennessee Headquarters that he controls, makes or has approval authority over all decisions about the

operation of the company, its expansion and business practices including the structure of the company and its clinics, and that he oversees, controls or approves all hiring, promotions or advancements, and compensation of personnel.

### *General Allegations*

9. Plaintiff KATHRYN ACOSTA earned her B.S. (undergraduate degree) in 2008 in Health Care Administration and her MBA from the University of Phoenix in 2011, with a focus in Health Care Management.

10. Plaintiff KATHRYN ACOSTA was contacted interviewed and hired by Defendant AGELESS MEN'S HEALTH in April, 2009 to be its Nevada Business Manager at the business location at 2821 West Horizon Ridge, Suite 111, Henderson, Nevada.

11. Plaintiff KATHRYN ACOSTA was led to believe Jason Blackwood was the founder and owner of the company and that she would report to him (and to the CFO) for business issues and her work.

12. Plaintiff KATHRYN ACOSTA was told that Defendant AGELESS MEN'S HEALTH was expanding its business, a series of successful medical clinics providing testosterone replacement therapy to male patients, in Nevada and a number of other states. At the time of her hire, Plaintiff KATHRYN ACOSTA believes Defendant AGELESS MEN'S HEALTH was operating four clinics in three states.

13. According to its current website (2013), Defendant AGELESS MEN'S HEALTH currently operates twenty clinics in nine states: Arizona, Colorado, Mississippi, New York, Texas, California, Georgia, Nevada, and Tennessee.

14. At a business dinner in July, 2009 in Las Vegas, NV, Defendant AGELESS MEN'S HEALTH's owner and chief operating officer, Jason Blackwood made sexual advances and overtures to Plaintiff KATHRYN ACOSTA. To her understanding, Jason Blackwood suggested that he would promote her if she were to succumb to same. This promotion included her possible promotion to Clinical Director of Nevada and would allow her, he stated, to earn in excess of $150,000 per year.

15. During that dinner, Defendant AGELESS MEN'S HEALTH's founder, owner and chief operating officer Jason Blackwood also told Plaintiff KATHRYN ACOSTA he had a crush on her and he wanted to pursue a relationship with her. Ms. Acosta refused Mr. Blackwood's advance and informed him that she was in a relationship.

16. Plaintiff KATHRYN ACOSTA did not welcome nor had she ever indicated that she would welcome the personal or sexual advances of Jason Blackwood. Plaintiff was surprised and taken aback by his overtures, hoping that she was misinterpreting his actions and words.

17. The next day, Plaintiff KATHRYN ACOSTA reported the incident to her direct supervisor, Ursula Moser. Ms. Acosta believes that Ms. Moser told Dr. Johnny Mitias, another owner of Defendant AGELESS MEN'S HEALTH about the incident. Upon information and belief, Dr. Mitias is a long-time personal friend and business associate of Jason Blackwood in Tennessee, the principal place of operation or corporate headquarters for Defendant AGELESS MEN'S HEALTH.

18. Shortly after Plaintiff KATHRYN ACOSTA reported the incident to Ms. Moser, Jason Blackwood called Ms. Acosta and told her that she better be careful about the impressions she was giving at work.

19. Jason Blackwood gave the position of Clinical Director of Nevada to another. Ms. Acosta believes that person has earned in excess of $150,000 per year, as the bonus is based on patient census.

20. In September 2009, during and then after another business dinner with colleagues, Jason Blackwood made similar, unwelcome advances to Plaintiff KATHRYN ACOSTA. Thereafter, Plaintiff KATHRYN ACOSTA began to notice more instances where she believed that the female employees were being treated unprofessionally by the male officials of the company, mostly by Jason Blackwood but tolerated or ratified by others. For example, among other inappropriate actions, Mr. Blackwood asked Ms. Acosta to assist in getting a group of his female employees to "party" with him while he was visiting Las Vegas.

21. In February 2010, while Plaintiff KATHRYN ACOSTA was assisting in

opening a new clinic in California, Jason Blackwood was staying in the same hotel and he asked her if she wanted company that night. Again, Ms. Acosta refused Jason Blackwood's advances, and thereafter he started giving her the cold shoulder.

22. Plaintiff KATHRYN ACOSTA believes Jason Blackwood controlled, made or had approval authority over all major personnel decisions in the company, including hiring, firing, discipline, job creation and assignments, pay, bonus and commission structure, etc.

23. Plaintiff KATHRYN ACOSTA believes that female employees, prospective or current, who go along with, succumb to or encourage the sexual advances and/or dating overtures by Jason Blackwood are treated more favorably than those who do not. During Plaintiff KATHRYN ACOSTA's employment, she became aware that there appeared to be hirings or re-hirings, or promotions of females who were known to be or reputed to be Jason Blackwood's girlfriends and that this was well-known in the company.

24. After Plaintiff KATHRYN ACOSTA declined the advances and the overtures by Jason Blackwood and made it clear that she was not going to date or party with him, and that she intended to maintain professional distance and relationship with Jason Blackwood, she was not given the promotion promised nor afforded promotional or advancement opportunities thereafter and was treated more poorly. Plaintiff KATHRYN ACOSTA declined to participate in what she considered to be unprofessional outings and events.

25. Plaintiff KATHRYN ACOSTA was thereafter subjected to increasing hostility, harassment, and scrutiny at work. For example, in or around November, 2010, after Plaintiff KATHRYN ACOSTA believes she had rebuffed Jason Blackwood's advances on three separate occasions and reported her concerns about his behavior to Ms. Moser. Some of Ms. Acosta's job responsibilities were taken away from her. Although Ms. Acosta received a good review in December of 2010, she was marked down and criticized in revenue collection even though her revenue collection had increased. Ms. Acosta believes that at least some of these criticisms were unfair.

26. Plaintiff KATHRYN ACOSTA complained to Mike Arrison (Director, Human

1 Resources) in December, 2010 and told him about the prior incidents with Jason Blackwood and the favoritism and advantages she believed were being accorded female employees who favor or party with Jason Blackwood and Steve Garrett. Plaintiff KATHRYN ACOSTA believes Jason Blackwood was told of her complaints. Mr. Arrison came to Las Vegas and interviewed her in person, and Plaintiff KATHRYN ACOSTA fully cooperated and told him of the problems she was experiencing.

27. On January 4, 2011, Plaintiff KATHRYN ACOSTA was informed that if she did not collect what she considered an unrealistic amount of revenue for January of 2011, her employment would be terminated.

28. After Defendant/employer AGELESS MEN'S HEALTH was notified by the EEOC that KATHRYN ACOSTA had filed charges (clearly protected activity), she became the object of retaliatory harassment which continued through the year 2012.

29. Plaintiff KATHRYN ACOSTA believes Jason Blackwood was causing others in the workplace to take actions against her in order to disguise or cover up his own wrongdoing, and that she was being set up to be fired or forced to resign. Mr. Arrison suggested that her resignation would be welcomed.

30. Examples of this escalating hostility and retaliatory harassment was that Ms. Acosta and her work were subject to closer scrutiny than other similarly situated co-workers after her internal and external complaints. Ms. Acosta was subjected to additional monitoring and work such as providing excel spreadsheets and/or notes for her accounts, which similarly situated co-workers did not have to do. Other examples included the removal of some of her job responsibilities being taken away.

31. These actions, conduct and hostility made it increasingly more difficult to perform her job. The hostility Ms. Acosta faced at Defendant AGELESS MEN'S HEALTH escalated to such a degree that eventually working conditions became intolerable to her.

32. Because she believed the situation was worsening, changes would not be made, and that Jason Blackwood and others controlled by or answering to him were retaliating against

her, and would continue to do so, on or around April 24, 2012, Plaintiff KATHRYN ACOSTA resigned her position.

33. Thus, Plaintiff KATHRYN ACOSTA was constructively discharged by Defendant AGELESS MEN'S HEALTH on April 24, 2012.

## FIRST CAUSE OF ACTION
### Discrimination Based on Gender in Violation of Federal and State Statutes

34. Plaintiff KATHRYN ACOSTA repleads and realleges every allegation contained in paragraphs 1 through 33 with the same force and effect as if set forth herein.

35. Plaintiff KATHRYN ACOSTA, a female, is a member of the class of persons protected by federal and state statutes prohibiting discrimination based on gender.

36. The Defendant AGELESS MEN'S HEALTH, as an employer, is subject to the federal statute prohibiting sex discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended, and the Nevada statute prohibiting sex discrimination, N.R.S. 613.310 *et seq.*, and thus has a legal obligation to provide Plaintiff KATHRYN ACOSTA and all employees a Nevada workplace free of unlawful discrimination. It failed to do so.

37. Plaintiff KATHRYN ACOSTA was treated differently because of her gender, female. Examples of this disparate and differing treatment, as more fully detailed above, include but are not limited to, subjecting her to unwanted sexual advances and disadvantaging her when she rejected the advances. This differential treatment altered the terms and conditions of her employment, and proximately caused Plaintiff KATHRYN ACOSTA injury and damage.

38. Plaintiff KATHRYN ACOSTA believes that she and other female employees were receiving less pay or unequal pay for comparable or more complex and sophisticated work, and that Defendant AGELESS MEN'S HEALTH was rewarding and improperly and discriminatorily advantaging male employees. Plaintiff KATHRYN ACOSTA also believes that Defendant AGELESS MEN'S HEALTH may also pay female employees more and accord them more benefits and advantages if they accede to or participate in personal relationships with Jason

1  Blackwood and other male officials. This constitutes illegal sex discrimination prohibited by the
2  aforementioned statutes.

3      39. The aforementioned actions also gave rise to an illegal hostile environment
4  based on the gender of Plaintiff KATHRYN ACOSTA. That hostile environment arose out of
5  the cumulative effect of events in 2009, 2010, 2011, and 2012, which created an illegally hostile
6  environment within the limitation period under Title VII and the Nevada Statute in 2010, for
7  which she filed sworn intake forms with the EEOC in January, 2011.

8      40. As more detailed above, this included, but is not limited to, promoting a male
9  employee, Steve Garrett, to Clinic Director of Nevada, and that she may have been paid less and
10 treated more poorly than male employees or those female employees who complied or tolerated
11 sexual advances, that she was subjected to closer scrutiny, additional monitoring of her work,
12 and removal of some job responsibilities from her which were given to subordinate employees.
13 The effect of these actions and conduct was humiliating, disturbing and distressing to Plaintiff
14 KATHRYN ACOSTA.

15     41. This illegally hostile environment made it more difficult to do her job, affected
16 her job performance, her work-place well-being and her mental state.

17     42. Wanting to keep her job and income, and be in the medical field, Plaintiff
18 KATHRYN ACOSTA suffered under these conditions as long as she could until her resignation,
19 which should be considered, therefore, a constructive discharge.

20     43. Defendant AGELESS MEN'S HEALTH'S aforementioned actions created
21 working conditions so intolerable that a reasonable person in Ms. Acosta's place would have
22 resigned. Plaintiff KATHRYN ACOSTA did resign due to the increasingly hostile and
23 discriminatory treatment she suffered and the likelihood that the situation would not improve.

24     44. Defendant AGELESS MEN'S HEALTH had actual or constructive knowledge
25 of the intolerable conditions and discrimination to which Plaintiff KATHRYN ACOSTA was
26 being subjected. DEFENDANTS knew of the continuing harmful impact on KATHRYN
27 ACOSTA because DFENDANTS created those conditions, and chose not to remedy the situation

even after she mentioned it in her resignation letter.

45. These actions constitute violations of federal law prohibiting sex discrimination, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq* and under state law, N.R.S. 613.310 *et seq.*,.

46. As an employer subject to Title VII, Defendant AGELESS MEN'S HEALTH is liable for damage and injuries Plaintiff KATHRYN ACOSTA suffered while in their employ for illegal discrimination, sexual harassment, including disparities in pay and a hostile environment based on her gender.

47. Plaintiff KATHRYN ACOSTA has suffered economic losses as a result of this illegal sex discrimination and she is entitled to recover an amount sufficient to make her whole.

48. Plaintiff KATHRYN ACOSTA also suffered emotional distress, humiliation, and mental anguish and under the aforementioned federal statute, she is entitled to be compensated therefor.

49. Plaintiff KATHRYN ACOSTA is also entitled to punitive damages under federal law in an amount sufficient to punish Defendant AGELESS MEN'S HEALTH and to deter it and others from engaging in these actions.

50. As a direct and proximate result of Defendant AGELESS MEN'S HEALTH'S discriminatory conduct, Plaintiff KATHRYN ACOSTA has had to secure the services of an attorney, and under the aforementioned federal statute she is entitled to recover her reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Retaliation

51. Plaintiff KATHRYN ACOSTA repleads and realleges every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

52. The aforementioned state and federal statutes prohibiting discrimination separately also prohibit employers from retaliating against any individual engaging in protected

conduct, which includes reporting, complaining about or raising concerns about possible discrimination or acts which might constitute discrimination.

53. Defendant AGELESS MEN'S HEALTH subjected Plaintiff KATHRYN ACOSTA to retaliation after and as a result of her engaging in protected activity over many months which are more fully detailed above. Plaintiff KATHRYN ACOSTA engaged many protected activities including reporting and complaining to her direct supervisor in July, 2009 about Jason Blackwood's unwelcome sexual advances by Jason Blackwood, declining to participate in partying and other unprofessional activities with owners and managers, protesting performance issues and standards in 2010, and filing formal charges of discrimination with the EEOC in January, 2011.

54. The Defendant/employer AGELESS MEN'S HEALTH was notified that KATHRYN ACOSTA had filed charge with the EEOC and otherwise engaged in protected conduct, she became the object of increasing numbers of incidents, actions and conduct whose cumulative effect was illegal retaliatory harassment which continued into the year 2012.

55. Plaintiff KATHRYN ACOSTA believes this retaliatory harassment was orchestrated, instigated or may have been accomplished to please or curry favor with Jason Blackwood, the founder and owner of AGELESS MEN'S HEALTH. It began in 2009, and continued in the years 2010, 2011 and then into and throughout April, 2012. Plaintiff KATHRYN ACOSTA is not asserting that each and every incident, viewed separately, constitutes illegal retaliation but rather that the cumulative effect is illegal retaliation.

56. From 2009 until her resignation on April 24, 2012, Plaintiff KATHRYN ACOSTA was subjected to continual and increasingly hostile actions which made it difficult for her to do her work and succeed and thrive in her Ageless Men's Health job. Those actions and that conduct by AGELESS MEN'S HEALTH officials would deter herself and others from reporting or complaining or otherwise engaging in protected conduct, thus constituting illegal retaliation because Title VII has been held to prohibit employer actions which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."

*Burlington Northern Co. v. White*, 548 U.S. 53 (2006).

57. Defendant AGELESS MEN'S HEALTH failed to take reasonable actions to prevent retaliation against KATHRYN ACOSTA. To Ms. Acosta's knowledge and perception, after she complained and otherwise engaged in protected activities, no preventative or remedial actions were taken to prevent retaliation.

58. To Plaintiff KATHRYN ACOSTA perception, her working conditions deteriorated and became so intolerable that a reasonable person in Ms. Acosta's place would have felt compelled to resign, and thus her resignation should be considered a constructive discharge.

59. The aforementioned actions and conduct of Defendant AGELESS MEN'S HEALTH constitutes illegal retaliation prohibited by state and federal statutes.

60. As a direct and proximate result of Defendant AGELESS MEN'S HEALTH'S wrongful conduct and illegal discrimination in the form of retaliation, Plaintiff KATHRYN ACOSTA has been seriously harmed, economically and emotionally, and she is entitled to be fully compensated therefor.

61. Plaintiff KATHRYN ACOSTA has had to secure the services of an attorney to pursue this action, and under the aforementioned federal statute, she is entitled to recover her reasonable attorneys' fees and costs.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**WHEREFORE, Plaintiff KATHRYN ACOSTA respectfully prays as follows:**

A. For a trial by jury on all issues;

B. For all damages allowable under state and federal statutes prohibiting discrimination and retaliation;

C. For punitive damages in an amount sufficient to punish and deter Defendants from engaging in any such conduct in the future and as an example to other employers and elected officials not to engage in such conduct;

D. For the costs of this action together with reasonable attorneys fees and costs, as allowed by § 706(k) of Title VII, 42 U.S.C. § 2000e-6(k);

E. For prejudgment interest as allowable by law;

F. For an additional amount to account for any taxes Plaintiff may be called upon to pay in relation to any awards made herein;

G. For such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff herein demands a trial by jury on all issues so triable.

Respectfully submitted this 5th day of April, 2013.

By: _____
Kathleen J. England
England Law Office
630 S. Third Street
Las Vegas, NV 89081

Melanie Hill
Law Office of Melanie Hill
9345 West Sunset Road, Suite 100
Las Vegas, NV 89148
Attorneys for Plaintiff, *Kathryn Acosta*

K:\Lynn (Acosta), Katie\Pleadings- Federal\Complaint.doc